UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANGELA BRUMFIELD, | CASE NO. 1:18CV341 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| NANCY A. BERRYHILL,[1] ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Angela Brumfield ("Plaintiff") requests judicial review of the decision of the Commissioner of Social Security Administration ("Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on July 9, 2018, Plaintiff asserts that: (1) the administrative law judge ("ALJ") violated the treating physician rule; and (2) new and material evidence warrants remand. ECF Dkt. #15. Defendant filed a response brief on September 6, 2018. ECF Dkt. #17. Plaintiff did not file a reply.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I.  **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI alleging a disability onset date of July 2, 2013.
ECF Dkt. #10 ("Tr.") at 404-14.[2] The applications were denied initially and upon reconsideration. *Id.* at 299, 350. Plaintiff then requested a hearing before an ALJ, which was

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

held on March 3, 2016. *Id.* at 250. On October 5, 2016, the ALJ issued a decision concluding that Plaintiff was not disabled. *Id.* at 11. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1. Accordingly, the decision issued by the ALJ on October 5, 2016, stands as the final decision.

The instant suit was filed by Plaintiff on February 13, 2018. ECF Dkt. #1. Plaintiff filed a brief on the merits on July 9, 2018. ECF Dkt. #15. Defendant filed a response brief on September 6, 2018. ECF Dkt. #17. Plaintiff did not file a reply brief.

## II.   RELEVANT PORTIONS OF THE ALJ'S DECISION

On October 5, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 11. The ALJ stated that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013, and that she had not engaged in substantial gainful activity since July 2, 2013, the alleged onset date. *Id.* at 16. Continuing, the ALJ found that Plaintiff had the following severe impairments: status post superior mesenteric artery dissection and stents placement; cervical/thoracic degenerative disc disease and scoliosis, status post Harrington rod and fusion surgeries; lumber spondylosis; cluster headaches; depressive disorder; and anxiety disorder. *Id.* at 16-17. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 17.

After consideration of the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 416.1567(a) and 416.967(a) with the following additional limitations: never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; routine tasks with no strict time demands or strict production quotas; minimal or infrequent changes in the work setting; and the opportunity to alternate positions between sitting and standing at approximately fifteen to thirty minute intervals. Tr. at 19.

The ALJ then stated that Plaintiff was unable to perform any past relevant work. Tr. at 25. Next, the ALJ indicated that Plaintiff was a younger individual age eighteen to forty-four on the alleged onset date and subsequently changed age category to a younger individual age forty-

five to forty-nine. *Id.* The ALJ stated that Plaintiff had a high school education and was able to communicate in English. *Id.* Continuing, the ALJ noted that the transferability of job skills was not material to the determination of disability because the Medical-Vocational Rules supported a finding that Plaintiff was not disabled. *Id.* Considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* For these reasons, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from July 2, 2013, through the date of the decision. *Id.* at 26.

### III.  STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2.  An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4.  If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5.  If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV.  STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V.  LAW AND ANALYSIS

### A.  Treating Physician Rule

Plaintiff asserts that the ALJ failed to follow the treating physician rule and inappropriately assigned less that controlling weight to the opinion of her treating physician, R.B. Casselberry, M.D. ECF Dkt. #15 at 13. An ALJ must give controlling weight to the opinion of a treating source if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with the other substantial

evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ decides to discount or reject a treating physician's opinion, he or she must provide "good reasons" for doing so. Social Security Rule 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore "be bewildered when told by an administrative bureaucracy that [s]he is not, unless some reason for the agency's decision is supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, 413 F. App'x 856, 864 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable

mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

Plaintiff argues that the ALJ erred by simply stating that Dr. Casselberry's opinion was "not supported by the objective evidence" without citing any objective evidence. *Id.* at 15. Plaintiff states that instead of citing to objective medical evidence, the ALJ cited mainly to subjective evidence, such as hearing testimony. *Id.* at 15-16. Additionally, Plaintiff avers that her activities of daily living, as cited by the ALJ, do not show the ability to sustain work. *Id.* at 16. Plaintiff also states that the ALJ erroneously discussed her abdominal pain when addressing Dr. Casselberry's opinion when the opinion was based on her thoracic pain. *Id.* Continuing, Plaintiff claims that the ALJ's reliance on her testimony regarding her pain level did not constitute a good reason to discount Dr. Casselberry's opinion because the ALJ failed to consider her pain level without medication. Tr. at 16. Plaintiff also states that the ALJ's interpretation of her testimony regarding her daily activities is erroneous because her limited level of functioning does not contradict Dr. Casselberry's opinion. *Id.* at 16-17. Next, Plaintiff asserts that the objective evidence cited by the ALJ did not support the decision to deny Dr. Casselberry's opinion controlling weight because the opinion was based on Plaintiff's thoracic/back spine impairments, not her abdominal pain.

Defendant contends that the ALJ properly weighed all of the evidence of record, including the medical opinion evidence. ECF Dkt. #17 at 12. First, Defendant challenges whether Dr. Casselberry should be considered a treating physician since he only saw Plaintiff on two occasions in early 2015 and then provided a medical source statement in August 2015. *Id.* at 13. Defendant notes that this treatment relationship is not indicative of the longitudinal experience that the regulations afford greater or controlling weight. *Id.* at 13-14. Continuing, Defendant states that the treatment records from Plaintiff's two appointments with Dr. Casselberry show few objective findings and recorded Plaintiff's complaints of pain in the neck, back, and left hip. *Id.* at 14. Additionally, Defendant asserts that the other treatment records are not consistent with pain that would cause the alleged limitations. *Id.* Further, Defendant states that the ALJ observed that Plaintiff's ability to drive, care for her minor child, and perform

household chores was inconsistent with the extreme limitations reported by Dr. Casselberry. *Id.* #17 at 15.

Plaintiff's argument is without merit. After stating the limitations imposed by Dr. Casselberry in the opinion, the ALJ stated the following:

> The undersigned assigned some weight to the opinion of Dr. Casselberry that [Plaintiff] would be limited to less than sedentary work, based upon [Plaintiff's] ongoing back pain from degenerative disc disease and scoliosis, her headaches and any residual abdominal pain status post-superior mesenteric artery dissection and stents placement. However, Dr. Casselberry's opinions as to [Plaintiff's] limited ability to sit; the effect of her pain on her concentration, time off-task and absenteeism, and need for additional rest, is not supported by the objective medical evidence of record. In fact, at hearing, [Plaintiff] did not testify to ongoing abdominal pain, and she stated that her headaches and pack pain as a 3 on a scale of 1 to 10 with prescribed Oxycodone. Furthermore, she testified that she is able to drive, take care of her minor child and perform household chores. On that note, the medical evidence reflects that [Plaintiff] did not seek additional treatment for abdominal pain more than a month post-surgery on October 2013; and she last sought headache treatment from Dr. Kadhim in November 2014. [sic]

Tr. at 22 (internal citations omitted). Even assuming that Plaintiff is correct in asserting that Dr. Casselberry was her treating physician, the ALJ provided "good reasons" for assigning the opinion less than controlling weight.

The ALJ cited objective medical evidence that was inconsistent with Dr. Casselberry's opinion. In the paragraph discussing Dr. Casselberry's opinion, the ALJ explicitly noted medical evidence showing that Plaintiff did not seek additional treatment for abdominal pain "more than a month post-surgery," she reported relief in her back pain, and she stopped seeking treatment for headaches in November 2014. Tr. at 22. Moreover, although Plaintiff asserts that the ALJ did not cite adequate objective medial evidence when discussing Dr. Casselberry's opinion, the ALJ did cite numerous pieces of medical evidence in that same paragraph that were inconsistent with Dr. Casselberry's opinion immediately prior to stating that the opinion was not supported by objective medical evidence. *Id.* (citing Tr. at 574, 700, 703, 705, 796-802, 816, 818, 827, 918, 1008). Accordingly, the ALJ cited objective medical evidence that was inconsistent with Dr. Casselberry's opinion. Likewise, the ALJ's discussion of Plaintiff's abdominal pain was not erroneous. Although Dr. Casselberry's opinion does indicate that the limitations included were

based on spinal issues, it was not improper for the ALJ to consider the totality of the objective medical records when considering whether they supported the opinion.

Regarding her contention that the ALJ failed to consider her testimony on her pain levels without medication, Plaintiff fails to establish why the ALJ was required to make such a consideration. Plaintiff cites no precedent for the proposition that the ALJ was required to consider her pain levels absent medications to control her pain. *See* ECF Dkt. #15 at 16. Likewise, Plaintiff fails to state how her neck pain and tingling or her inability to hold and use buttons preclude her from sedentary work with the additional limitations contained in the RFC finding. *See id.*

Plaintiff also takes issue with the ALJ's reliance on her activities of daily living and states that her limited activities do not contradict Dr. Casselberry's opinion. The ALJ noted that Plaintiff stated that she was able to drive, care for her minor child, and perform household chores. Tr. at 22. The ALJ properly found that Dr. Casselberry's opinion was not supported by Plaintiff's reported activities. For example, Plaintiff reported that she could shop in stores and that it took approximately thirty minutes. *Id.* at 465. Dr. Casselberry opined that Plaintiff could not stand/walk without interruption for more than fifteen minutes. *Id.* at 1005. Additionally, Plaintiff stated that she spent twenty minutes to an hour preparing meals, but Dr. Casselberry opined that Plaintiff could not stand/walk without interruption for more than fifteen minutes and that she could not stand/walk for more than a total of one hour in an eight-hour workday. For these reasons, the ALJ provided "good reasons" to assign less than controlling weight to Dr. Casselberry's opinion and did not violate the treating physician rule.

### B. New and Material Evidence

Next, Plaintiff states that she submitted new and material evidence to the Appeals Council. ECF Dkt. #15 at 18. Plaintiff asserts that this medical evidence shows: treatment in 2016 and 2017 for abdominal pain, chest pain, and back pain; and MRIs and CT scans showing disc degeneration in her spine. *Id.* at 19-20. According to Plaintiff this evidence is new since it was not in existence at the time of the hearing and material as it demonstrates objective limitations and pain levels, and shows that her symptoms warrant additional surgery. *Id.* at 20.

Defendant contends that Plaintiff has failed to show that any of the evidence submitted to the Appeals Council was so material that the ALJ would have decided the case differently based on that evidence. ECF Dkt. #17 at 16 (citing *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Kuhn v. Comm'r of Soc. Sec.*, 124 F. App'x 943, 947 (6th Cir. 2005); *Sizemore v. Sec. of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). Continuing, Defendant states that some of the additional evidence concerns treatment after the ALJ's decision was issued and therefore is not relevant to the instant case. *Id.* at 17. Defendant asserts that the evidence that could be considered new is not material as it shows a continuation of the same treatment with no worsening of Plaintiff's impairments until after the relevant time period. *Id.*

Much of the evidence Plaintiff cites was created after the ALJ issued the decision on October 5, 2016. *See* ECF Dkt. #15 at 19-20 (citing Tr. at 40, 72,73, 78-79, 81-82, 92, 244, 246, 248). If Plaintiff believes that this evidence that post-dates the ALJ's decision establishes disability, the proper remedy is to file a new application for benefits. *See Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The medical evidence that Plaintiff relies upon that was created prior to the ALJ's decision shows: continued back pain that was treated with medication and that her condition was stable; and chest pain that was treated with medication and that her condition was stable. Tr. at 104-12, 176, 194-99. Although this evidence is new, Plaintiff has failed to show that the evidence is material and would likely have impacted that ALJ's decision. The evidence cited by Plaintiff that does not post-date the ALJ's decision shows that Plaintiff's impairments continued, but that she was prescribed medication and her condition was stable. Tr. at 40, 72,73, 78-79, 81-82, 92, 244, 246, 248. Plaintiff has failed to establish that there was a reasonable probability that the ALJ's decision would have been different if presented with this evidence. *See Sizemore*, 865 F.2d at 711. Accordingly, Plaintiff has failed to show that new evidence warrants remanding this case.

## **VI.** **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: January 29, 2019  /s/*George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE